# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re

Case No. 07-30424-DHW
Chapter 13

ROLLIFEE FRANKLIN BARRETT, JR.
MARY ANN BARRETT,

    Debtors.

## MEMORANDUM OPINION

DaimlerChrysler Financial Services Americas LLC filed an objection to confirmation of the chapter 13 plan proposed by the debtors. The plan provides for the surrender of a 2006 Jeep Liberty in full satisfaction of the debt. DaimlerChrysler contends that the plan should provide for payment of any deficiency balance remaining after disposition of the collateral.

The objection came on for hearing on May 21, 2007. The court took the objection under advisement following briefs of counsel.

### Jurisdiction

The court's jurisdiction in this matter stems from 28 U.S.C. § 1334 and from the order of the United States District Court for this district referring title 11 matters to the Bankruptcy Court. Further, confirmation of a plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L). Therefore, this court's jurisdiction extends to the entry of a final order or judgment.

### Facts

The relevant facts are few and undisputed. DaimlerChrysler holds a purchase-money security interest in a 2006 Jeep Liberty

purchased by the debtors on August 15, 2006 for their personal use. The debtors filed a petition under chapter 13 on March 22, 2007. The debtors filed a plan proposing to surrender the vehicle in full satisfaction of the debt and to pay 100% on allowed unsecured claims. DaimlerChrysler filed a proof of claim in the amount of $25,661.27 and objected to confirmation of the plan.

Law

11 U.S.C. § 1325(a)(5) governs the treatment of secured claims in chapter 13. If the creditor objects to the treatment proposed by the debtor, the debtor has two options. The debtor may either surrender the collateral securing the claim or retain the collateral and pay the creditor the amount of the allowed secured claim.[1] The amount of the allowed secured claim is controlled in part by 11 U.S.C. § 506 which allows the bifurcation of an undersecured claim into secured and unsecured components.

However, a new paragraph added to § 1325(a) by the *Bankruptcy Abuse Prevention and Consumer Protection Act of 2005* (Pub. L. No. 109-8) ("BAPCPA") renders section 506 inapplicable to certain secured claims:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of

---

[1] If specified criteria are met, the claim may be paid over time in the form of periodic payments.

2

> value, if the debt was incurred during the 1-year period preceding that filing.

11 U.S.C. § 1325(a) (hanging, unnumbered paragraph at the end of the subsection).

The parties do not dispute that DaimlerChrysler's claim falls within the provisions of the "hanging paragraph." This court has held (as have the overwhelming majority of courts addressing the issue) that the "hanging paragraph" effectively eliminates the debtor's ability to unilaterally bifurcate a qualifying claim into secured and unsecured components. *See In re Horn*, 338 B.R. 110 (Bankr. M.D. Ala. 2006); *In re Wright*, 338 B.R. 917 (Bankr. M.D. Ala. 2006). However, in *Horn* and *Wright*, the debtors proposed to retain the collateral securing the claims and pay for them over time under the plan.

In *Reeves,* the debtors proposed not to retain but surrender the vehicle securing the claim. *In re Reeves*, Case No. 06-30952 (Bankr. M.D. Ala. Dec. 13, 2006). This court held that the hanging paragraph operates to prevent bifurcation of qualifying claims whether the debtor proposes to retain or surrender the collateral securing the claims. Therefore, the court confirmed the plan which proposed to surrender the vehicle in full satisfaction of the debt.

In reaching this holding, the court relied on the plain language of the statute and the seminal case of *In re Ezell*, 338 B.R. 330 (Bankr. E.D. Tenn. 2006). The hanging paragraph plainly states that § 506 does not apply to a claim described in § 1325(a)(5). Section 1325(a)(5) describes "allowed secured claims." Therefore, section 506 does not apply to a qualifying "allowed secured claim." The hanging paragraph operates on the claim irrespective of the debtor's treatment of the claim. Because section 506 did not apply to bifurcate the claim, the court held in *Reeves* that the creditor was not entitled to an unsecured deficiency claim upon surrender of the vehicle.

3

DaimlerChrysler asks this court to revisit the issue decided in *Reeves* and reach a different result.[2] DaimlerChrysler advances several arguments in support.

The first is based on the plain language of the Code. The creditor argues that nothing in BAPCPA abrogates the creditor's right to a deficiency claim. The creditor notes that section 502 was not amended to provide for disallowance of any deficiency claim and that section 1325 does not expressly provide for surrender of the collateral in full satisfaction of the debt. However, neither of these was necessary. Section 1325(a)(5) allows the debtor to provide for a secured claim by surrendering the property securing the claim. By preventing bifurcation, the hanging paragraph effectively fixes the amount of the secured claim at the amount of the indebtedness.

As stated above, this court has already held that the plain language of the Code requires surrender of the collateral in full satisfaction of the debt. The creditor argues that this construction produces an absurd result, or at least "a result demonstrably at odds with the intentions of its drafters." *See United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241 (1989). The creditor notes that its claim receives "drastically different" treatment predicated solely on the debtor's retention or surrender of the vehicle. If the debtor retains the collateral, the creditor receives payment of the debt in full; if the debtor surrenders the vehicle, the creditor receives only

---

[2] Since entry of the decision in *Reeves*, three appellate level courts have considered the issue. Two of the courts agree that collateral securing 910 claims may be surrendered in full satisfaction of the debt. *Capital One Auto Finance v. Osborn (In re Osborn)*, 363 B.R. 72 (B.A.P. 8th Cir. 2007); *DaimlerChrysler Fin'l Servs. Ams. LLC v. Quick (In re Quick)*, 2007 WL 1941749 (B.A.P. 10th Cir. July 5, 2007). However, the Seventh Circuit would allow the creditor to retain any deficiency claim. *In re Wright*, 2007 WL 1892502 (7th Cir. July 3, 2007).

4

the liquidation value of the vehicle, minus costs of sale.[3] The creditor contends that this "inconsistency" could not have been intended by the drafters.

The hanging paragraph creates a legal fiction that the vehicle is "worth the exact amount of the proof of claim." *In re Durham*, 361 B.R. 206, 208 (Bankr. D. Utah 2006). Not every vehicle is worth the amount that is owed on the vehicle. This is especially true with newer vehicles that depreciate more rapidly on the front end.

If the debtor retains the collateral, this fiction operates in favor of the creditor by preventing bifurcation of the claim. If the debtor surrenders the collateral, this fiction operates in favor of the debtor by eliminating any deficiency claim.[4] However inconsistent these results may be with the value of the vehicle and economic realities outside of bankruptcy, they are consistent with the legal fiction created by the hanging paragraph – that the vehicle is worth the amount of the debt.

The plain language of the statute treats the claims of qualifying creditors as fully secured whether the debtor retains or surrenders the collateral. Where statutory language is plain, "'the sole function of the courts is to enforce it according to its terms.'" *Ron Pair*, 489 U.S. at 241 (citation omitted). A creditor is "no more or less disadvantaged" by the hanging paragraph than the debtor. *Ezell*, 338 B.R. at 342. The provision operates against the creditor if the collateral is surrendered but against the debtor if the collateral is

---

[3] The court notes that irrespective of the real economic value of the result of the debtor's option, the value of the secured claim in bankruptcy is the same.

[4] More accurately, this provision may operate in favor of unsecured creditors if the debtor surrenders the collateral in full satisfaction of the claim. The money that the debtor would have paid on the secured claim may now be devoted to unsecured creditors.

retained.[5] The result is "fair" and "in harmony with the language" of the hanging paragraph. *Id.*

The creditor next contends that this result is inconsistent with the legislative history of BAPCPA. This court is not required to consider this argument because the court finds no ambiguity in the statute nor any absurdity in the application of the statute. However, consideration of the legislative history would not change the result reached in this opinion.

The creditor contends that the "clear intent discerned from the legislative history on the Hanging Paragraph is that Congress intended to provide <u>more protection</u> to creditors with purchase-money security interests, not create loopholes for opportunistic filing and abuse by consumer debtors." *Creditor's Brief*, p. 10 (emphasis added). The creditor contends that the result in this case affords the creditor less – not more – protection because under pre-BAPCPA law the creditor would have retained a deficiency claim. The creditor also notes that

> the House Report discussion of the BAPCPA amendment adding the hanging paragraph was appropriately placed under "Title III. Discouraging Bankruptcy Abuse," and "Sec. 306. Giving Secured Creditors Fair Treatment in Chapter 13." The amendment was not listed under Title II, appropriately entitled, "Enhanced Consumer Protection." *Id.* (citation omitted).

The court notes that there is a "dearth of legislative history to guide this Court." *In re Payne*, 347 B.R. 278, 282 (Bankr. S.D. Ohio 2006). What language there is relating to the hanging paragraph "basically mirror[s] the statutory language." *Ezell*, 338 B.R. at 341.

---

[5] Is it any more absurd to eliminate a creditor's deficiency claim on an undersecured debt than to require a debtor to pay, as a fully secured debt, an amount far in excess of the value of the vehicle?

6

There is "absolutely nothing in the legislative history that discusses the interplay between the 'hanging paragraph' and § 1325(a)(5)(C)." *Payne*, 347 B.R. at 282. "Silence in the legislative history cannot be utilized to create an ambiguity in the statutory language." *Id.*

> While Congress may have intended to afford additional protections to creditors with the BAPCPA amendments, the Court is not satisfied that it intended a different result with the hanging paragraph of § 1325(a) than is set forth in the plain language. . . . [T]he Court cannot infer limitations on the application of the "hanging paragraph" which are not present. Had Congress intended to limit application of the statue, it could have easily done so within the language of the "hanging paragraph. . . . Congress is assumed to know and understand the effect of its legislation, and this Court may not rewrite the statute as enacted by Congress.

*Id.* at 282-83. The legislative history does indicate an intent to eliminate bifurcation of claims covered by the hanging paragraph. *See Ezell*, 338 B.R. at 341. If a claim cannot be bifurcated, it is a natural consequence that the collateral can be surrendered in full satisfaction of the claim. The plain language of the statute is due to be applied as written.

The creditor further contends that allowing surrender of collateral in full satisfaction of claims covered by the hanging paragraph results in discrimination of "similarly situated creditors." However,

> the Hanging Paragraph effectively creates a new class of creditors, those with 910 claims. Even if there is not a new class of creditors, the effect of the Hanging Paragraph is to render a 910 car creditor fully secured. Therefore, it is perfectly acceptable for a 910 car creditor to be treated differently than a general unsecured

creditor, be it because it is of a separate class or because it is fully secured as a matter of law. . .

*In re Brown*, 346 B.R. 868, 876 (Bankr. N.D. Fla. 2006).

## Conclusion

For these reasons, the court finds that DaimlerChrysler's objection to confirmation of the chapter 13 plan is not well taken. A separate order will enter overruling the objection and confirming the plan.

Done this the 17th day of July 2007.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge


c: Debtors
   Earl Gillian, Jr., Attorney for Debtors
   Carrie Ann Rohrscheib, Attorney for Creditor
   Curtis C. Reding, Trustee